## JUDD v. SCHOOLEY, Tax Assessor, et al.
No. 14399.

Circuit Court, Lee County.
February 6, 1962.

Duane A. Reynolds of Henderson, Franklin, Starnes & Holt, Fort Myers, for plaintiff.

William H. Carmine, Jr. and Richard W. Shaughnessy, both of Fort Myers, for defendants.

ARCHIE M. ODOM, Circuit Judge.

This cause came on for final hearing pursuant to notice duly given on December 4, 1961, upon the pleadings in this cause and the following undisputed facts —

Kimi T. Judd is a resident of Lee County, Florida, residing at 5300 McGregor Boulevard, Fort Myers, Florida, which is more particularly described as follows —

> Beginning at a concrete monument marking the Southeasterly corner of San Pedro Subdivision, according to a plat thereof recorded in Plat Book 6, page 58, of the public records of Lee County, Florida, run Westerly along the south line of said Subdivision for 15.8 feet to a concrete monument on the Westerly Rt.-of-Way line of State Route No. 867

(McGregor Boulevard) and the Point of Beginning of said lands sold. From said Point of Beginning, run Southwesterly along said Rt.-of-Way line (40 feet from the center line) for 70.4 feet; thence run Westerly and parallel to and 66 feet, measured on a perpendicular, Southerly from the South line of said San Pedro Subdivision for 817 feet; thence deflect left 80°—00′ and run Southwesterly for 222 feet; thence deflect right 80°—20′ and run Westerly along a small ditch for 413 feet, more or less, to the waters of the Caloosahatchee River; thence run Northeasterly along said waters to an intersection with said South line of San Pedro Subdivision; then run Easterly along said South line for 1193 feet, more or less, to the Point of Beginning. The same containing 3.2 acres, more or less, in Lee County, Florida. (5300 McGregor Boulevard).

Kimi T. Judd is the fee simple owner of the above described real property as evidenced by that certain deed wherein George Judd is the grantor and Kimi T. Judd is the grantee, dated December 26, 1958, and recorded in the public records of Lee County in deed book 298, page 448. Kimi T. Judd was at the time of the conveyance, and still is, the wife of George E. Judd, and Kimi T. Judd and George E. Judd have continuously resided together as husband and wife and maintained their home on the above described property.

Kimi T. Judd moved on said property on June 1, 1945, and has resided thereon and in good faith made the same her permanent home to the exclusion of all others from the aforesaid date, and has been a registered voter in Lee County since 1953.

George E. Judd filed a "Declaration of Removal of Domicile" from Lee County on December 21, 1958.

Pursuant to article 10, section 7 of the constitution of Florida and Florida Statute 192, Kimi T. Judd filed an application on February 1, 1961 for homestead exemption on the above described property for the year 1961. Harry Schooley, tax assessor of Lee County, examined and denied the application upon the ground that — "the husband of the applicant claims a domicile other than Florida, and the domicile of the applicant follows that of her husband".

On July 12, 1961, Kimi T. Judd appealed the decision of the tax assessor to the board of county commissioners of Lee County who, sitting as a board of equalization of Lee County, affirmed the decision of the tax assessor in denying the application, whereupon the complaint in this cause was filed.

The question before the court in this cause, as stipulated to by counsel in this cause, is whether or not Kimi T. Judd, on the basis of the above facts, is entitled to homestead exemption pursuant to the provisions of article 10, section 7 of the constitution of Florida, and Florida Statutes 192.12 through 192.19.

The Supreme Court of Florida was confronted with a similar factual situation in Martha Kate Drennen v. F. A. Hoffman, as Tax Assessor of Franklin County, Florida, et al, 88 So.2d 624. The facts in that case were as follows —

Martha Kate Drennen, a citizen and resident of Franklin County, Florida had married a citizen and resident of Alabama, who had expressed an intention of moving his residence to Florida but had not actually done so. Mrs. Drennen had maintained her home in Franklin County for several years prior to her marriage, and after her marriage had continued to reside in her home. Her husband spent considerable time with her in Franklin County but had not actually moved there. Mrs. Drennen applied for homestead exemption subsequent to her marriage in 1953, and her application was denied by the tax assessor and board of county commissioners of Franklin County. Thereupon, Mrs. Drennen filed suit in circuit court for a declaratory decree to determine whether she was entitled to homestead exemption under the above-stated facts, and the circuit court held that she was so entitled, which holding was affirmed by the Supreme Court by per curiam order, without opinion.

This court feels that the case at bar is controlled by the decision in the Drennen case, and after hearing argument of counsel and being fully advised in the premises, it is hereby ordered, adjudged and decreed that Kimi T. Judd is entitled to homestead exemption under article 10, section 7 of the constitution of Florida on the above described property for the year 1961, and hereby orders and directs defendants, Harry Schooley, as tax assessor Lee County, and George S. Hunter, Herman J. Hastings, Mack H. Jones, Julian Hudson and J. Fred. Huber, as and constituting the board of county commissioners of Lee County, and Ray E. Green, as comptroller of the state of Florida, to make any and all entries and changes in the tax rolls of Lee County for the year 1961 as may be necessary to allow such exemption to the plaintiff, Kimi T. Judd.